# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROLAND ROLLINS and DEBRA ROLLINS, husband and wife,<br><br>                  Plaintiffs,<br><br>v.<br><br>ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>                  Defendant. | Case No:<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

1.  Plaintiffs are residents of the State of Oklahoma and live in Oklahoma City, and insured their home with Defendant, Allstate Property and Casualty Insurance Company ("Allstate") at all times material herein. All premiums were paid and the subject insurance policy was in force at the time of the loss.

2.  Defendant, Allstate Property and Casualty Insurance Company, is a corporation, a foreign insurance company incorporated and domiciled in the State of Illinois and maintains its principal place of business in a state other than Oklahoma.

3.  Venue is correct in the Western District and this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because the parties have diverse citizenship and the amount in controversy exceeds $75,000.00.

4.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because the parties have diverse citizenship and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

5. On or about January 3, 2013, Plaintiffs' home was damaged by a natural gas explosion which occurred at a nearby residence.

6. The insurance Plaintiffs purchased from Allstate covers this cause of loss and the damage resulting therefrom.

7. Plaintiffs gave proper and timely notice of this claim and proof of loss of the claim to Defendant, through its representatives, and otherwise complied with all conditions precedent for recovery under the subject insurance policy. Allstate was required to promptly indemnify Plaintiffs for their loss but intentionally refused and failed to do so.

8. In their handling of Plaintiffs' claim, Defendant breached the insurance contract and the implied covenant of good faith and fair dealing, as a matter of standard business practice, in the following respects:

   a. failing and refusing payment and other policy benefits on behalf of Plaintiffs at a time when Defendant knew that it was entitled to those benefits;

   b. failing to properly investigate Plaintiffs' claims and to obtain additional information both in connection with the original refusal and following the receipt of additional information;

   c. withholding payment of the benefits on behalf of Plaintiffs knowing that Plaintiffs' claims for those benefits were valid;

   d. refusing to honor Plaintiffs' claims in some instances for reasons contrary to the express provisions of the policy and/or Oklahoma law;

   e. refusing to honor Plaintiffs' claims in some instances by applying restrictions not contained in the policy;

   f. refusing to honor Plaintiffs' claims in some instances by knowingly misconstruing and misapplying provisions of the policy;

  g. failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, to include Plaintiffs' claims;

  h. not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiffs' claims once liability had become reasonably clear;

  i. forcing Plaintiffs, pursuant to its standard claims practice, to retain counsel in order to secure benefits Defendant knew were payable;

  j. failing to properly evaluate any investigation that was performed; and

all in violation of the covenant of good faith and fair dealing and resulting in financial benefit to the Defendant.

  9. As a direct and proximate result of the Defendant's breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiffs have suffered the loss of the policy benefits, embarrassment, anxiety, frustration and mental and emotional distress, and other incidental damages.

  10. In the handling of this claim, Defendant acted intentionally and with malice or recklessly entitling Plaintiffs to punitive damages.

  WHEREFORE, Plaintiffs demand judgment against Defendant in an amount in excess of $75,000.00 for compensatory damages and in an amount in excess of $75,000.00 in punitive damages plus interest, costs, attorney fees and all other relief which the Court deems just and equitable.

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**

**MANSELL ENGEL & COLE**

By: Steven S. Mansell, OBA #10584
Mark A. Engel, OBA #10796
Kenneth G. Cole, OBA #11792
101 Park Avenue, Suite 665
Oklahoma City, OK  73102-7203
T: (405) 232-4100 F: (405) 232-4140
Email:  mansell-engel@coxinet.net

**ATTORNEYS FOR PLAINTIFFS**